# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO. 20-60045-CR-WPD

-vs-

KERBY BROWN

## COURT'S INSTRUCTIONS
## TO THE JURY

Members of the Jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. After I've completed these instructions, you will go to the jury room and begin your discussions – what we call your deliberations.

You must decide whether the Government has proved the specific facts necessary to find the Defendant guilty beyond a reasonable doubt.

Your decision must be based only on the evidence presented during the trial. You must not be influenced in any way by either sympathy for or prejudice against the Defendant or the Government.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the Court's instructions on the law.

The indictment or formal charge against a Defendant isn't evidence of guilt. The law presumes every Defendant is innocent. The Defendant does not have to prove [his] [her] innocence or produce any evidence at all. A Defendant does not have to testify, and if the Defendant chose not to testify, you cannot consider that in any way while making your decision. The Government must prove guilt beyond a reasonable doubt. If it fails to do so, you must find the Defendant not guilty.

The Government's burden of proof is heavy, but it doesn't have to prove a Defendant's guilt beyond all <u>possible</u> doubt. The Government's proof only has to exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based on your reason and common sense after you've carefully and impartially considered all the evidence in the case.

"Proof beyond a reasonable doubt" is proof so convincing that you would be willing to rely and act on it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

- Did the witness impress you as one who was telling the truth?

- Did the witness have any particular reason not to tell the truth?

- Did the witness have a personal interest in the outcome of the case?

- Did the witness seem to have a good memory?

- Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

- Did the witness appear to understand the questions clearly and answer them directly?

- Did the witness's testimony differ from other testimony or other evidence?

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

When scientific, technical or other specialized knowledge might be helpful, a person who has special training or experience in that field is allowed to state an opinion about the matter.

But that doesn't mean you must accept the witness's opinion. As with any other witness's testimony, you must decide for yourself whether to rely upon the opinion.

The Government must prove beyond a reasonable doubt that the Defendant was the person who committed the crime.

If a witness identifies a Defendant as the person who committed the crime, you must decide whether the witness is telling the truth. But even if you believe the witness is telling the truth, you must still decide how accurate the identification is. I suggest that you ask yourself questions:

1. Did the witness have an adequate opportunity to observe the person at the time the crime was committed?

2. How much time did the witness have to observe the person?

3. How close was the witness?

4. Did anything affect the witness's ability to see?

5. Did the witness know or see the person at an earlier time?

You may also consider the circumstances of the identification of the Defendant, such as the way the Defendant was presented to the witness for identification and the length of time between the crime and the identification of the Defendant.

After examining all the evidence, if you have a reasonable doubt that the Defendant was the person who committed the crime, you must find the Defendant not guilty.

You must consider some witnesses' testimony with more caution than others.

For example, paid informants, witnesses who have been promised immunity from prosecution, or witnesses who hope to gain more favorable treatment in their own cases, may have a reason to make a false statement in order to strike a good bargain with the Government.

So while a witness of that kind may be entirely truthful when testifying, you should consider that testimony with more caution than the testimony of other witnesses.

You've been permitted to take notes during the trial. Most of you – perhaps all of you – have taken advantage of that opportunity.

You must use your notes only as a memory aid during deliberations. You must not give your notes priority over your independent recollection of the evidence. And you must not allow yourself to be unduly influenced by the notes of other jurors.

I emphasize that notes are not entitled to any greater weight than your memories or impressions about the testimony.

**Introduction to Offense Instructions**

The Indictment charges three separate crimes, called "counts," against the Defendant. Each count has a number. You will be given a copy of the Indictment to refer to during your deliberations.

Count 1 charges that the defendant knowingly and willfully conspired to engage in sex trafficking of minors.

Counts 2 and 3 charge that Defendant committed what are called "substantive offenses," specifically attempted sex trafficking of a minor (Count 2); and sex trafficking of a minor (Count 3). I will explain the law governing those substantive offenses now.

But first note that the Defendant is not charged in Count 1 with committing a substantive offense – he is charged with conspiring to commit that offense. I will also give you specific instructions on conspiracy.

## Count 1: Conspiracy to Engage in Sex Trafficking of Minors
### 18 U.S.C. § 1594(c)

In Count 1, the Defendant is charged with violating Title 18, United States Code, Section 1594(c). It's a Federal crime to conspire to engage in sex trafficking of a minor.

Title 18, United States Code, Section 1591, makes it a Federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing or in reckless disregard of the fact that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act.

A "conspiracy" is an agreement by two or more people to commit an unlawful act. In other words, it is a kind of "partnership" for criminal purposes. Every member of a conspiracy becomes the agent or partner of every other member.

The Government does not have to prove that all the people named in the indictment were members of the plan, or that those who were members made any kind of formal agreement. The heart of a conspiracy is the making of the unlawful plan itself followed by the commission of any overt act. The Government does not have to prove that the conspirators succeeded in carrying out the plan.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

| | |
|---|---|
| First: | That two (2) or more people in some way agreed to try to accomplish a shared and unlawful plan; |
| Second: | That the Defendant, knew the unlawful purpose of the plan and willfully joined in it; and |
| Third: | That the object of the unlawful plan was to recruit, entice, harbor, transport, provide, obtain, or maintain by any means, a person, knowing or in reckless disregard of the fact that such person has not attained the age of 18 years, or the Defendant had a reasonable opportunity to observe the person, and would be caused to engage in a commercial sex act. |

A person may be a conspirator without knowing all the details of the unlawful plan or the names and identities of all the other alleged conspirators.

If the Defendant played only a minor part in the plan but had a general understanding of the unlawful purpose of the plan and willfully joined in the plan on at least one occasion, that's sufficient for you to find the Defendant guilty.

But simply being present at the scene of an event or merely associating with certain people and discussing common goals and interests doesn't establish proof of a conspiracy. A person who doesn't know about a conspiracy but happens to act in a way that advances some purpose of one doesn't automatically become a conspirator.

In addition, some of the people who may have been involved in the events charged in the indictment are not on trial before you. This does not matter and should not enter into your deliberations. There is no requirement that all members of a conspiracy be charged and prosecuted, or that they all be tried together in one proceeding.

Nor is there any requirement that the names of the other conspirators be known. An indictment can charge a defendant with a conspiracy involving people whose names are not known, as long as the government can prove that the defendant conspired with one or more of them. Whether they are named or not does not matter.

## Count 2: Attempted Sex Trafficking of a Minor
## 18 U.S.C. § 1591(a)(1)

In some cases, it's a crime to attempt to commit an offense – even if the attempt fails. In this case the Defendant is charged in Count 2 with attempting to commit Sex Trafficking of a Minor.

The Defendant can be found guilty of Sex Trafficking of a Minor only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person who had not attained the age of 18 years;

(2)    the Defendant acted knowing, or in reckless disregard of the fact, that the person had not attained the age of 18 years, or the Defendant had a reasonable opportunity to observe the person;

(3)    the Defendant acted knowing, or in reckless disregard of the fact, that the person would be caused to engage in a commercial sex act; and

(4)    the Defendant's acts were in or affected interstate or foreign commerce.

The Defendant can be found guilty of an *attempt* to commit that offense only if both of the following facts are proved beyond a reasonable doubt:

First:    That the Defendant knowingly intended to commit the crime of Sex Trafficking of a Minor; and

Second:    The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

## Count 3: Sex Trafficking of a Minor
## 18 U.S.C. § 1591(a)(1)

It is a Federal crime for anyone, in or affecting commerce, to recruit, entice, harbor, transport, provide, obtain, or maintain by any means a person, knowing, or in reckless disregard of the fact, that the person has not attained the age of 18 years, or having had a reasonable opportunity to observe the person, and knowing or in reckless disregard of the fact that the person will be caused to engage in a commercial sex act.

The Defendant can be found guilty of Count 3, sex trafficking of a minor, only if all the following facts are proved beyond a reasonable doubt:

(1)     the Defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means a person who had not attained the age of 18 years;

(2)     the Defendant acted knowing, or in reckless disregard of the fact, that the person had not attained the age of 18 years, or the Defendant had a reasonable opportunity to observe the person;

(3)     the Defendant acted knowing, or in reckless disregard of the fact, that the person would be caused to engage in a commercial sex act; and

(4)     the Defendant's acts were in or affected interstate or foreign commerce.

In considering whether a defendant recruited, enticed, harbored, transported, provided, obtained, or maintained a person, I instruct you to use the ordinary, everyday definitions of these terms. "Recruit" means to seek to enroll. "Entice" means to attract, induce, or lure using hope or desire. "Harbor" means to give or afford shelter to, such as in a house or other place. "Transport" means to take or convey from one place to another. "Provide" means to furnish, supply, or make available. "Obtain" means to gain possession of or acquire. "Maintain" means to supply with means of support.

To act with "reckless disregard of the fact that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act" means to be aware but consciously and carelessly ignore facts and circumstances clearly indicating that the person was under 18 years of age and would be caused to engage in a commercial sex act.

If the Government proves beyond a reasonable doubt that the Defendant had a reasonable opportunity to observe the person recruited, enticed, harbored, transported, provided, obtained, or maintained, then the Government does not need to prove that the Defendant knew or was in reckless disregard of the fact that the person had not attained the age of 18 years.

I further instruct you as a matter of law that minors lack the capacity to consent to unlawful sexual conduct. Therefore, whether the alleged minor involved in this case voluntarily agreed to engage in commercial sex acts has no bearing on the issue of whether the defendant is guilty of sex trafficking a minor.

"Commercial sex act" means any sex act, on account of which anything of value is given to or received by any person. The government is not required to prove that the Defendant actually caused the victim to engage in a commercial sex act. You may find the Defendant guilty even if you find that any person consented to the commercial sex act(s) at issue.

In determining whether the Defendant's conduct was "in or affected interstate or foreign commerce," you may consider whether the Defendant used means or facilities of interstate commerce, such as telephones, the internet, or hotels that serviced interstate travelers, or whether his conduct substantially affected interstate commerce by virtue of the fact that he purchased items that had moved in interstate commerce. It is not necessary for the Government to prove that the Defendant knew or intended that the recruiting, enticing, harboring, transporting, providing,

obtaining, or maintaining would affect interstate or foreign commerce; it is only necessary that the natural consequences of such conduct would affect interstate or foreign commerce in some way.

It's possible to prove the Defendant guilty of a crime even without evidence that the Defendant personally performed every act charged.

Ordinarily, any act a person can do may be done by directing another person, or "agent." Or it may be done by acting with or under the direction of others.

A Defendant "aids and abets" a person if the Defendant intentionally joins with the person to commit a crime.

A Defendant is criminally responsible for the acts of another person if the Defendant aids and abets the other person. A Defendant is also responsible if the Defendant willfully directs or authorizes the acts of an agent, employee, or other associate.

But finding that a Defendant is criminally responsible for the acts of another person requires proof that the Defendant intentionally associated with or participated in the crime – not just proof that the Defendant was simply present at the scene of a crime or knew about it.

In other words, you must find beyond a reasonable doubt that the Defendant was a willful participant and not merely a knowing spectator.

You'll see that the indictment charges that a crime was committed "on or about" a certain date. The Government doesn't have to prove that the crime occurred on an exact date. The Government only has to prove beyond a reasonable doubt that the crime was committed on a date reasonably close to the date alleged.

The word "knowingly" means that an act was done voluntarily and intentionally and not because of a mistake or by accident.

[The word "willfully" means that the act was committed voluntarily and purposely, with the intent to do something the law forbids; that is, with the bad purpose to disobey or disregard the law. While a person must have acted with the intent to do something the law forbids before you can find that the person acted "willfully," the person need not be aware of the specific law or rule that [his] [her] conduct may be violating.]

Each count of the indictment charges a separate crime. You must consider each crime and the evidence relating to it separately. If you find the Defendant guilty or not guilty of one crime, that must not affect your verdict for any other crime.

I caution you that the Defendant is on trial only for the specific crimes charged in the indictment. You're here to determine from the evidence in this case whether the Defendant is guilty or not guilty of those specific crimes.

You must never consider punishment in any way to decide whether the Defendant is guilty. If you find the Defendant guilty, the punishment is for the Judge alone to decide later.

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and will speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it, date it, and carry it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the marshal. The marshal will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. But I caution you not to tell me how many jurors have voted one way or the other at that time.

Your verdict, whether guilty or not guilty, must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.