**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 20-CR-60045-RS(s)**

**UNITED STATES OF AMERICA**

**vs.**

**KERBY BROWN, JR.,**

**Defendant.**
______________________________________/

# MOTION FOR COURT ORDER APPROVING RESTITUTION AMOUNT

The United States of America, through the undersigned Assistant United States Attorney, files this motion respectfully requesting that the Court order the defendant Kerby Brown, Jr. to pay restitution in the total amount of $1,235.00 to Minor Victim 2. The restitution amount is based on the estimated gross proceeds Minor Victim 2 turned over to the defendant during the time he trafficked her for commercial sex. The estimate is determined by reference to the trial testimony of Minor Victim 2 and commercial sex advertisements the defendant posted of Minor Victim 2, which were introduced at trial as Government's Exhibits ("GX") 49A-49F, 49H, and 48.

Before submitting this filing, in accordance with Local Rule 88.9, the United States conferred with defense counsel, who advised he required time to confer with his client prior to taking a position on the same.

## I. BACKGROUND

On August 11, 2022, a jury found the defendant guilty, amongst other crimes, of sex trafficking Minor Victim 2 between January and February 2019 in violation of Title 18, United States Code, Sections 1591(a)(1) and (b)(1). ECF No. 168. The evidence at trial showed that the defendant posted online advertisements offering Minor Victim 2 for commercial sex and

coordinated and transported Minor Victim 2 to commercial sex dates in both Orlando, Florida and Fort Lauderdale, Florida. Presentence Investigation Report ("PSR") ¶6.

Minor Victim 2 testified that the defendant directed a coconspirator to photograph her for commercial sex advertisements and then posted those advertisements online. PSR ¶8. The advertisements themselves, which were admitted as evidence at trial, directed customers to call the defendant's phone number. GX 48, 49A-49F, and 49; PSR ¶¶ 9-10 . The same were also posted by an account registered to the defendant's email address (GX 48) which appeared in the defendant's cellular telephone (GX 80A and 80B) and the defendant's Instagram account (GX 43A)—both of which bore other significant indicia of ownership by the defendant (GX 43E and GX 80H and 80I). See also PSR ¶ 9-10. In addition, the defendant's cellular telephone contained login information for Megapersonals.com, the website to which the advisements of Minor Victim 2 were posted, which again showed the defendant's login was registered under his identified email address. GX 80B at 4.

The defendant's cellular telephone also contained an email from Megapersonals.com, confirming the defendant had managing authority over at least one of the advertisements featuring Minor Victim 2. GX 80U. That same advertisement, post ID 2179719, was also posted via an IP Address that repeatedly appeared in the defendant's Instagram account (GX 48, cf. GX 43D), and was registered to the Motel 6 (GX 50) where the defendant harbored Minor Victim 2 while trafficking her in a room registered to his name (GX 45). See also PSR ¶ 9-10.

The advertisements featuring Minor Victim 2 (GX 49A-F and GX 49H) identified pricing the defendant charged for dates with Minor Victim 2 and information from Megapersonals.com (GX 48) identified how many times the defendant posted each unique Post ID featuring Minor

Victim 2 during the timeframe he was trafficking her. Minor Victim 2 testified that the defendant kept a majority of the proceeds she earned from commercial sex, stating he would take half of the proceeds from each encounter, and then an additional $20. Based on the foregoing, the below chart outlines the total proceeds retained by the defendant, assuming that Minor Victim 2 engaged in only 1 date per posting—a conservative estimate.

| **Exhibit** | **Post ID** | **Pricing** | **Posts in GX 48**[1] | **Retained by Defendant** |
|---|---|---|---|---|
| GX 49A | 2141449 | QV $70<br><br>Defendant retained $55 | 2 | $110 |
| GX 49B | 2144784 | Not listed, QV $70 assumed2<br><br>Defendant retained $55 | 2 | $110 |
| GX 49C | 2178867 | Not listed, QV $70 assumed<br><br>Defendant retained $55 | 1 | $55 |
| GX 49D | 2179719 | QV $140<br><br>HH $200<br><br>HR $300 | 8 | $960 |

1 The number of posts is limited to the number of times a specific Post Id Number was posted while the defendant was trafficking Minor Victim 2 according to GX 48, specifically, January to February 2019.

2 To ensure a conservative estimate, the government will assume the postings that did not specify pricing resulted in the lowest price the defendant requested for a date, which was $70.

| | | | | |
|---|---|---|---|---|
| | | Defendant retained $120, assuming $200 date | | |
| GX 49E | 2179719 | Subsumed in GX 49D | Subsumed in GX 49D | |
| GX 49F | 2179719 | Subsumed in GX 49D | Subsumed in GX 49D | |
| GX 49H | 2179719 | Subsumed in GX 49D | Subsumed in GX 49D | |
| [redacted] | | | | $1,235 |

## II. LEGAL ANALYSIS

Restitution in this case is required under 18 U.S.C. § 1593 (b)(1), which provides that the defendant shall be directed to pay the victim "the full amount of the victim's losses." The term "full amount of the victim's losses" includes the greater of the gross income or value to the defendant of the victim's services or labor and any other relevant losses incurred by the victim. 18 U.S.C. §§ 1593(3), 2259(c)(2), and United States v. Cortes-Castro, 511 Fed. App'x 942, 947 (11th Cir. 2013) (affirming restitution order in sex trafficking prosecution based on amount the defendants made through prostitution of victims). "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." See 18 U.S.C. § 3664(e). At sentencing, the United States will ask the Court to order the requested amount, which is an estimate of proceeds Minor Victim 2 earned for the defendant by engaging in commercial sex acts at his direction (i.e., an estimate of the defendant's "gross income") determined by reference to Minor Victim 2's testimony and the commercial sex advertisements the defendant posted of Minor Victim 2.

The Court may base its restitution amounts on this evidence, since it bears minimal indicia

of reliability and the defendant, if he chooses, can contest the numbers at the hearing. See United States v. Baston, 818 F.3d 651 (11th Cir. 2016) (affirming the district court's decision to rely on the victim's trial testimony in a sex trafficking prosecution for purposes of entering a restitution order, rather than requiring additional live testimony from the victim, despite the defendant's complaint that he did not have a chance to cross-examine the victim on the issue); see also United States v. Bourne, 130 F.3d 1440, 1447 (11th Cir. 1997) (In determining the appropriate amount of restitution, the district court may consider hearsay evidence that bears "minimal indicia of reliability" so long as the defendant is given an opportunity to refute that evidence.). "District courts have broad discretion in choosing the procedures to employ at a restitution hearing, 'so long as the defendant is given an adequate opportunity to present his position as to matters in dispute.'" Baston, 818 F.3d at 665.

It is impossible to determine with precision how much the defendant earned at the expense of Minor Victim 2. For these reasons, the Court may accept a reasonable estimate of the loss based on the evidence presented. See United States v. Baldwin, 774 F.3d 711, 728 (11th Cir. 2014) (citations omitted); United States v. Furtrell, 209 F.3d 1286 (11th Cir. 2000) (affirming restitution award and finding that a court may accept estimates and may reasonably approximate actual damages to a victim).

[This Space Intentionally Left Blank]

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court enter a restitution order in this case in the amount of $1,235.00 payable to Minor Victim 2.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By: */s/ Monica K. Castro*
Monica K. Castro
Assistant United States Attorney
Court ID. A5502776
99 NE 4th Street, 6th Floor
Miami, Florida 33132
Tel: (305) 961-9013
Monica.Castro@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, on November 14, 2022.

s/ *Monica K. Castro*
Monica K. Castro
Assistant United States Attorney